**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: 516-203-7600
Fax: 516-282-7878
*Attorneys for Plaintiff*
Our File No.: 122734

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Joel Schwartz, Individually and on behalf of others similiarly situated, | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| Jefferson Capital Systems, LLC, | |
| Defendant. | |

Joel Schwartz, Individually and on behalf of others similarly situated ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Jefferson Capital Systems, LLC ("*Defendant*"), as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction exists over the any state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Joel Schwartz is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Jefferson Capital Systems, LLC, is a Ohio Limited Liability Company with a principal place of business in Cuyahoga County, Ohio.

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

9. Congress enacted the FDCPA in 1977 upon finding "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." And that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

10. At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

11. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*. § 1692(e).

12. After determining that the existing consumer protection laws were inadequate, id. § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

13. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

14. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely

themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

15. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

16. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

17. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90.

18. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## FACTUAL ALLEGATIONS

19. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

20. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

21. The principal purpose of Defendant's business is the collection of such debts.

22. Defendant uses the mails in its debt collection business.

23. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

24. Defendant alleges Plaintiff owes a debt (the "alleged Debt").

25. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

26. The alleged Debt does not arise from any business enterprise of Plaintiff.

27. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

29. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

30. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by calls to Plaintiff's telephone.

31. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff in writing, including by letter dated February 13, 2021 (the "Letter"). (A true and accurate copy of the Letter is annexed hereto as Exhibit 1).

32. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

33. The Letter conveyed information regarding the alleged Debt.

34. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

35. The Letter was received and read by Plaintiff.

36. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

37. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

38. Plaintiff's injury is "particularized" and "actual" in that the letter that caused the injury was addressed and sent to Plaintiff specifically.

39. Plaintiff's injury is directly traceable to Defendant's conduct, because Defendant sent the Letter.

40. A favorable judicial resolution of Plaintiff's case would redress Plaintiff's injury with damages.

41. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

42. Plaintiff has been misled by Defendant's actions.

43. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the Debt.

44. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause him unwarranted economic harm.

45. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and therefore has incurred damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

46. As a result of Defendant's conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the Debt.

47. Upon information and belief, Plaintiff can prove that all actions taken by Defendant as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

## **FIRST COUNT**

48. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

49. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

50. As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide the name of the creditor to whom the debt is owed.

51. To comply with 15 U.S.C. § 1692g(a)(2), a statement of the name of the creditor to whom the debt is owed must clearly, accurately and without ambiguity convey, from the perspective of the least sophisticated consumer, the actual name of the creditor to whom the debt is owed.

52. Even if a debt collector conveys the required information, the debt collector nonetheless violates the 15 U.S.C. § 1692g(a)(2) if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty in the eyes of the least sophisticated consumer.

53. Merely naming an entity without specifically identifying the entity as the creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

54. The Letter fails to clearly identify the name of the creditor to whom the debt is owed.

55. The Letter states "Please allow this letter to intrudce Jefferson Capital Systems, LLC as the owner and current creditor of your referenced account.

56. The Letter lists "Cellco Pasrtnership DBA Verizon Wireless" as the "Original Creditor."

57. The Letter then lists "Verizon" as the "Current Creditor."

58. The Letter fails to indicate the name of Plaintiff's creditor to whom the alleged Debt is owed in a manner that is clear and unambiguous.

59. The least sophisticated consumer could read the Letter and be led to believe that Cellco Pasrtnership DBA Verizon Wireless is his creditor.

60. The least sophisticated consumer could read the Letter and be led to believe that Verizon is his creditor.

61. The least sophisticated consumer could read the Letter and be led to believe that Jefferson Capital Systems, LLC is his creditor.

62. The Letter fails to indicate the owner of the alleged Debt clearly and without ambiguity.

63. The Letter fails to indicate who referred the account to Defendant.

64. The Letter fails to indicate who Defendant represents.

65. The Letter fails to indicate the name of any entity to which payment should be made.

66. As a result of such failures, Defendant did not clearly convey, from the perspective of the least sophisticated consumer, the owner of the alleged Debt as required by 15 U.S.C. § 1692g(a)(2).

67. As a result of such failures, the least sophisticated consumer would likely be

confused and uncertain as to the owner of the alleged Debt.

68. As a result of such failures, Defendant did not clearly, accurately and without ambiguity convey, from the perspective of the least sophisticated consumer, the creditor to whom the alleged Debt is owed as required by 15 U.S.C. § 1692g(a)(2).

69. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

70. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

71. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

72. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

73. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

74. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the owner of a debt is unfair and deceptive to the least sophisticated consumer.

75. The owner of a debt must be clearly, accurately, accurately and without ambiguity conveyed from the perspective of the least sophisticated consumer.

76. The identity of the owner of a debt is a material piece of information to a consumer.

77. Knowing the identity of the owner of a debt affects how a consumer responds to a debt collector's attempts to collect the debt.

78. Defendant failed to explicitly state the owner of the alleged Debt.

79. Defendant failed to clearly state the owner of the alleged Debt.

80. The least sophisticated consumer would likely be confused as to the owner of the alleged Debt.

81. The least sophisticated consumer would likely be uncertain as to owner of the alleged Debt.

82. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the owner of the alleged Debt, one of which is inaccurate as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

83. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer concerning the owner of the alleged Debt as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

84. The least sophisticated consumer would likely be deceived by the Letter.

85. The least sophisticated consumer would likely be deceived in a material way by the Letter.

86. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(a)(2), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

87. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer classes (the "Class") consisting of:

    a. All consumers who have an address the State of New York.
    b. who were sent a collection letter from the Defendant
    c. attempting to collect a consumer debt
    d. which states "Jefferson Capital Systems, LLC as the owner and current creditor" that lists more than one "Current Creditor."
    e. That lists "Cellco Partnership DBA Verizon Wireless" as Original Creditor.
    f. That purports Jefferson Capital Systems, LLC to be the owner and current creditor but lists "Verizon" as Current Creditor.
    g. which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

88. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

89. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

90. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit 1, violates the FDCPA for the reasons set forth herein.

91. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

92. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint.

93. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

94. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. Numerosity: The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   b. Common Questions Predominate: Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit 1, violates the FDCPA.

   c. Typicality: The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. Adequacy: The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. Superiority: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

  95. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

  96. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

  97. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

  98. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

  99. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered as follows:

  a. Certifying this action as a class action; and

  b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c. Finding Defendant's actions violate the FDCPA; and

    d. Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A); and

    e. Awarding Plaintiff actual damages in an amount to be determined at trial as provided under 15 U.S.C §1692k(a)(1) and;

    f. Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as provided under 15 U.S.C. § 1692k(a)(3); and

    g. Awarding Plaintiff such other and further relief that the Court determines is just and proper.

DATED: June 25, 2021

**BARSHAY SANDERS, PLLC**

By: */s Kara S. McCabe*
Kara S. McCabe Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Email: kmccabe@barshaysanders.com
Tel: 516-203-7600 x3233
Fax: 516-282-7878
*Attorneys for Plaintiff*
Our File No.: 122734

